UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CHRIS ALLEN MILLER, <br><br> Movant, <br><br> vs. <br><br> DARIN YOUNG, Warden, and MARTY J. JACKLEY, Attorney General, <br><br> Respondents. | 4:18-CV-04137-KES <br><br><br> ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING MOTION |

Petitioner, Chris Allen Miller, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Docket 1. Respondents, Darin Young and Marty Jackley, filed a motion to dismiss. Docket 11. The matter was referred to Magistrate Judge Veronica L. Duffy for a report and recommendation under 28 U.S.C. § 636(b)(1)(B) and this court's October 16, 2014 standing order. Magistrate Judge Duffy recommends that Miller's petition be dismissed. Docket 14. Miller timely filed his objections to the report and recommendation. Docket 15. Miller also moved to proceed in forma pauperis, for the court to appoint counsel, and to quash the motion to dismiss. Dockets 5, 8, and 12. For the following reasons, the court adopts Magistrate Judge Duffy's report, and denies Miller's motions to proceed in forma pauperis, to appoint counsel, and to quash the motion to dismiss.

## PROCEDURAL HISTORY

A full procedural history was provided by the magistrate judge in her report and recommendation. Docket 14 at 1-10. Thus, the court will only give a simple explanation and point to the magistrate judge's report and recommendation for the full procedural history.

Miller was indicted for second-degree murder, first-degree manslaughter, and aggravated assault in connection with the death of his infant son. *State v. Miller*, 851 N.W.2d 703, 705 (S.D. 2014). At trial, the court used a mandatory strike down jury selection process that allowed each party two more peremptory challenges than were permitted by SDCL § 23A-20-20. *Miller v. Young*, 911 N.W.2d 644, 647 (S.D. 2018). A court error resulted in an additional juror being seated and then passed for cause. *Id.* at 646. Because of this error, the court gave the government an extra peremptory challenge. *Id.* Also, during deliberations, the jury asked to listen to the 911 call that had been admitted into evidence and its request was denied. Docket 16 at 46. Miller was convicted of second-degree murder and aggravated assault. *State v. Miller*, 851 N.W.2d at 705. He was sentenced to life in custody on the second-degree murder conviction and fifty years in custody on the assault conviction. *Id.* The sentences were to run consecutively. *Id.* Attorneys Tim Whalen and Scott Podhradsky represented Miller at trial, but only Podhradsky represented him at sentencing. Docket 1 at 3.

Miller appealed. *State v. Miller*, 851 N.W.2d at 706. The South Dakota Supreme Court affirmed the verdict. *Id.* at 711. Podhradsky represented Miller on direct appeal. Docket 1 at 3.

Miller filed a habeas petition in state court raising several claims. *Miller v. Young*, 911 N.W.2d at 647. Miller was appointed attorney Jason Ravnsborg to represent him in his state habeas proceedings. *See* Docket 16 at 83. The state court habeas judge denied relief on all claims. *Id.* at 35-71; *Miller v. Young*, 911 N.W.2d at 647-48. Miller's first application for a certificate of probable cause was dismissed for being untimely. *See* Docket 16 at 15. Miller then sought a motion to vacate in order to reapply for a certificate of probable cause. *See id.* at 77. This motion was granted. *Id.* at 76, 82. Miller then applied for a certificate of probable cause on: (1) the trial court's method of selecting a jury; (2) the trial counsel's failure to object to the jury selection issue; and (3) the trial court's denial of the jury's request to listen to the recording of the 911 call during deliberations. *Id.* at 99-101. The state habeas court granted the certificate of probable cause on the two jury selection claims but not on the 911 call claim. *Id.* at 85. Miller did not separately seek a certificate of probable cause from the South Dakota Supreme Court on the 911 call claim. *See Miller v. Young*, 911 N.W.2d at 648 (stating that the only claims before the South Dakota Supreme Court were the jury selection claims). The South Dakota Supreme Court denied habeas relief on the merits. *Id.* at 651.

On October 24, 2018, Miller filed a *pro se* federal habeas petition under 28 U.S.C. § 2254. Docket 1. Miller asserts the following claims in this petition:

1. The trial court judge violated Federal Rule of Criminal Procedure 24 by using an amended process for jury selection.

2. Ineffective assistance of counsel in violation of Miller's Sixth Amendment right to counsel in the following seven respects:

   a. Failure to move to strike the entire jury panel after a potential juror made comments about a potential witness's honesty;

   b. Failure to call witnesses on Miller's behalf;

   c. Failure to object when the trial court allowed the jury to continue to deliberate instead of sequestering the jury;

   d. Failure to request a sentence of time served;

   e. Failure to raise on appeal the trial court's jury selection process;

   f. Failure to raise on appeal the admission of prior bad acts;

   g. Failure to present alternate theories on how injuries to the victim could have occurred at trial;

   h. Failure to object when the trial court refused to allow the jury to re-listen to the recording of the 911 call during deliberations.

3. The trial court erred by denying the jury's request to re-listen to the recording of the 911 call during deliberations.

4. Ineffective assistance of state habeas counsel in failing to raise the claim of the jury's request to re-listen to the 911 call.

5. The state court habeas judge was biased and had stated she was friends with the trial court judge who presided over Miller's jury trial and that she would recuse herself if the trial court judge were called as a witness in the habeas proceedings.

6. The trial court was biased as evidenced by giving advantage to the prosecutor altering the path of the trial, giving the jury advance notice they were about to be sequestered, knowingly breaking laws to keep the trial moving forward, and willfully excluding evidence.

*Id.* at 4-8.

## STANDARD OF REVIEW

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations as to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

## DISCUSSION

### I.    **Exhaustion of Claims**

A petitioner cannot pursue a federal habeas petition on an underlying state court conviction without first exhausting his claims in state court. 28 U.S.C. § 2254(b)-(c); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To exhaust an available state post-conviction remedy, the petitioner must "use the State's established appellate review procedures[.]" *O'Sullivan*, 526 U.S. at 845. The federal habeas court must defer action until the claim is exhausted when a state court remedy is available for a state prisoner's unexhausted claim. *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005). But

> if no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust "provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default" (or actual innocence . . . ).

*Id.* (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)).

Magistrate Judge Duffy correctly determined that the only claims that Miller fully exhausted were whether the trial court violated his constitutional rights during jury selection and whether counsel was ineffective for failing to raise the jury selection claim on direct appeal. Docket 14 at 16. Because Miller did not seek a certificate of probable cause from the South Dakota Supreme Court on the 911 call claim, it is not exhausted. The remaining claims were either not raised in Miller's state habeas petition or not contained in Miller's request for certificate of probable cause, so they are not exhausted as well. It is now too late for Miller to properly exhaust these claims in state court. *See* SDCL § 21-27-18.1. Thus, these claims are procedurally defaulted.

## II.    **Procedurally Defaulted Claims**

When a petitioner asserts a claim that is procedurally defaulted, the claim can only proceed if the petitioner can show: (1) cause for the default and actual prejudice to the petitioner or (2) actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). A successful claim of actual innocence requires the petitioner to support his allegations with new reliable evidence. *Weeks v. Bowersox,* 119 F.3d 1342, 1351 (8th Cir. 1997).

### A.    **Miller's Defaulted Trial Court Error Claims**

Claims 3 and 6 were not raised before the South Dakota Supreme Court and are defaulted. For claim 6, trial court bias, Miller made no showing of cause for the default or actual prejudice in his § 2254 petition. Also, Miller introduced no new reliable evidence, so he cannot successfully claim actual

innocence. *See Weeks*, 119 F.3d at 1351. Magistrate Judge Duffy correctly recommended granting respondents' motion to dismiss this claim. Docket 14 at 21.

Miller argues that because his state habeas counsel was ineffective, this serves as cause for the default on his third claim that the trial court erred in denying the jury's request to re-listen to the 911 call during deliberation. "[T]he right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). A narrow exception to this rule exists only for ineffective assistance of counsel claims that cannot be raised until collateral proceedings. *Martinez v. Ryan*, 566 U.S. 1, 8-9 (2012). Because an initial habeas petition is the first stage at which a defendant can present an ineffective assistance of counsel claim, it becomes "a prisoner's 'one and only appeal' as to an ineffective-assistance claim[.]" *Id.* at 8. (quoting *Coleman v. Thompson*, 501 U.S. 722, 756 (1991)). "Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9. Here, Miller argues that because his state habeas counsel was ineffective, this serves as cause for the default on a trial court error claim. But his claim alleges errors of his trial counsel that should have been raised on direct appeal. Because this falls outside the "narrow exception" of *Martinez*, Miller's ineffective assistance of habeas counsel claim cannot serve as cause for the default on the trial court error claim. *See* 566 U.S. at 9. Magistrate Judge Duffy correctly

recommended granting respondents' motion to dismiss this claim. Docket 14 at 21.

Miller raises three objections to Magistrate Judge Duffy's recommendation on the claim that the trial court erred in denying the jury's request to re-listen to the 911 recording during deliberations. Docket 15 at 8-9. First, he argues that the court erred in ruling that " '[t]here is no law, either by the Constitution or by statute, that says a jury has to be allowed to replay any evidence during deliberations.' " *Id.* at 9 (quoting Docket 16 at 46). Here, Miller merely reasserts his claim that the trial court erred in refusing the jury's request to hear the 911 call during deliberations. This claim is defaulted, and Miller cannot overcome the default. Also, Miller relies on *State v. Smith*, 573 N.W.2d 515, 520-21 (S.D. 1998), in which the South Dakota Supreme Court found that the trial court did not err in allowing the jury to view videotaped evidence during deliberations. Miller argues that if *Smith* allows a jury to view recorded evidence, then it must be error to not allow a jury to view that evidence. *Smith* does not support Miller's position because *Smith* only held that the court may allow a jury to hear such evidence during deliberations, not that the court must do so. *Id.* at 521. *Smith* found that "[t]he trial court enjoys broad discretion to allow testimony or properly admitted exhibits to be examined during deliberations." *Id.* at 520. The trial court did not violate its discretion here, and this objection is overruled.

Second, Miller argues that the South Dakota Supreme Court has already considered this claim and that this claim is exhausted. Docket 15 at 9. He

relies on a statement from his state habeas counsel, who advised Miller to stick to the jury selection claims on appeal because "[the South Dakota Supreme Court] threw out our appeal entirely once before." *Id.* This statement does not prove Miller's claim. State habeas counsel was most likely referring to Miller's initial habeas appeal, which was dismissed for being untimely. *See* Docket 16 at 12-13, 15-17. Miller never raised the 911 call claims before the South Dakota Supreme Court either on direct appeal or on appeal from the state habeas petition ruling. *See Miller v. Young*, 911 N.W.2d at 648; *State v. Miller*, 851 N.W.2d at 705. Thus, this objection is overruled.

Third, he claims that his state habeas counsel was mistaken in believing that the jury had transcripts of the 911 call during deliberations, resulting in the state habeas counsel incorrectly researching the issue and failing to raise the issue in the state habeas petition. Docket 16 at 9. This objection provides more context for Miller's claim that his state habeas counsel was ineffective. But this claim still falls outside the "narrow exception" under which ineffective habeas counsel can serve as cause for default. *See Martinez*, 566 U.S. at 9. Thus, this objection is overruled.

### B.    **Miller's Defaulted Habeas Court Error Claim**

Miller argues in claim 5 that his initial state habeas proceedings were tainted by judicial bias because the state court habeas judge said at an evidentiary hearing that she and the trial court judge were friends and that she would have to recuse herself if he testified. Docket 1 at 7. This is a claim that could have been raised on appeal to the South Dakota Supreme Court.

Because Miller failed to do so, this claim is procedurally defaulted. Miller makes no showing of cause for the default or actual prejudice beyond conclusory allegations of bias. Miller provides no new reliable evidence for this claim as required for a showing of actual innocence. *See Weeks*, 119 F.3d at 1351. Magistrate Judge Duffy correctly recommended granting respondents' motion to dismiss this claim. Docket 14 at 21.

### C. Miller's Defaulted Ineffective Assistance of Counsel Claims

#### 1. Legal Standard for Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, the petitioner must meet the two-pronged standard articulated by the United States Supreme Court in *Strickland v. Washington. See* 466 U.S. 668, 687 (1984). "First, the [petitioner] must show that counsel's performance was deficient." *Id.* This "performance prong" requires the petitioner to show "that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To show deficiency, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. This court must assess "whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 688.

There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). "Thus, a court deciding an actual

ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. Ordinarily, the Eighth Circuit Court of Appeals "consider[s] strategic decisions to be virtually unchallengeable unless they are based on deficient investigation[.]" *Link v. Luebbers*, 469 F.3d 1197, 1204 (8th Cir. 2006).

"Second, the [petitioner] must show that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. This "prejudice prong" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* In other words, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

### 2. Defaulted Ineffective Assistance of Trial Counsel Claims

Claims 2a-d and 2g were not raised in Miller's certificate for probable cause and are defaulted. Miller was denied a certificate of probable cause on claim 2h by the state habeas court and failed to separately request a certificate of probable cause from the South Dakota Supreme Court. *See Miller v. Young*, 911 N.W.2d at 648. This claim is also defaulted. Miller made no showing of cause for the default or actual prejudice for these claims in his § 2254 petition.

Also, Miller introduced no new reliable evidence, so he cannot successfully claim actual innocence. *See Weeks*, 119 F.3d at 1351. Magistrate Judge Duffy correctly recommended granting respondents' motion to dismiss these claims. Docket 14 at 21.

Miller raises two objections to Magistrate Judge Duffy's recommendation on these claims. Docket 15 at 6, 8. First, he claims that his state habeas counsel failed to provide him with needed files until after his state habeas petition was dismissed. *Id.* at 8. Ineffective assistance of habeas counsel can serve as cause for the default on ineffective assistance of trial counsel claims. *Martinez*, 566 U.S. at 9. Miller must show both cause and actual prejudice to overcome default. Here, he cannot show prejudice. All of these claims were raised in Miller's state habeas petition. Docket 16 at 40-41, 68, 70-71. In each case, the state court habeas judge found that trial counsel's decisions were motivated by legal strategy. *Id.* at 68-71. Legal strategy is "virtually unchallengeable" and is not deficient under *Link*. 469 F.3d at 1204. If trial counsel's actions were legal strategy and not deficient, state habeas counsel could not have successfully raised these claims. *See id.* Thus, state habeas counsel's failure to facilitate these claims by sharing files could not have prejudiced Miller, and this objection is overruled.

Second, Miller argues that his state habeas counsel was ineffective in failing to apply for a certificate of probable cause on several issues of ineffective trial counsel and in failing to separately pursue a certificate of probable cause from the South Dakota Supreme Court on issues denied by the state habeas

court. Docket 15 at 6, 8. The exception under *Martinez* only extends to initial-review collateral proceedings that provide "the first occasion to raise a claim of ineffective assistance at trial." *Martinez*, 566 U.S. at 8. Here, counsel's alleged failures were not errors in the initial-review proceeding, but instead failures to appeal claims from that initial-review proceeding, which is a stage that Miller has no right to counsel. *See id.* at 9. Ineffective assistance of habeas counsel cannot serve as cause for the default on these claims. Also, Miller introduces no new evidence, so he cannot make a showing of actual innocence to overcome the default. Thus, Miller cannot overcome default on these claims, and this objection is overruled.

### 3. Defaulted Ineffective Assistance of Appellate Counsel Claims

Claim 2f, failure to raise on appeal the admission of prior bad acts, was not raised in Miller's certificate of probable cause and is defaulted. Miller argues that his state habeas counsel was ineffective in bringing this claim and that this ineffectiveness serves as cause for the default. Docket 15 at 5. Under *Martinez*, ineffective assistance of habeas counsel can only serve as the default for ineffective assistance of trial counsel claims. 566 U.S. at 9. Miller cannot overcome the default on claim 2f, which raises an ineffective assistance of appellate counsel claim. Miller makes no other showing of cause for the default and actual prejudice. Thus, Magistrate Judge Duffy correctly recommended granting respondents' motion to dismiss this claim. Docket 14 at 21.

### 4. Defaulted Ineffective Assistance of Habeas Counsel Claims

Claim 4, state habeas counsel's failure to raise the claim of the jury's request to re-listen to the 911 call, was not appealed to the South Dakota Supreme Court and is defaulted. Miller made no showing of cause for the default or actual prejudice for this claim in his § 2254 petition. Miller introduced no new reliable evidence, so he cannot successfully claim actual innocence. *See Weeks*, 119 F.3d at 1351. Also, Miller has no right to a standalone claim of ineffective assistance of habeas counsel. *See Martinez*, 566 U.S. at 9. Magistrate Judge Duffy correctly recommended granting respondents' motion to dismiss this claim. Docket 14 at 21.

## III. Jury Selection Claims

Miller exhausted his state remedies for the following claims: (1) the trial court committed structural error in selecting the jury and (2e) appellate counsel was ineffective in failing to raise the error on direct appeal. These claims are properly before the court.

### A. Legal Standard Under 28 U.S.C. § 2254(d)(1)

Miller argues that the trial court's error falls under § 2254(d)(1), which holds that a state court judgment can be addressed in federal court if the judgment "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" The "contrary to" and "unreasonable application clauses" have "independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

A state court decision is contrary to federal law "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Id.* A state court decision will also be contrary to federal law "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a different result from [its] precedent." *Id.* at 406. A federal court's belief that it might have reached a different result is not enough to show that a state court decision was contrary to federal law. *Id.* A state court's decision involves an unreasonable application of federal law if "there was no reasonable basis" for the state court's decision. *Cullen v. Pinholster*, 563 U.S. 170, 188 (2011) (internal quotation omitted). "[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Williams*, 529 U.S. at 410.

## B.     Jury Selection Trial Court Error Claim

Miller claims that the trial court erred in using a hybrid jury selection process that resulted in the government gaining an additional, final peremptory challenge. Docket 1 at 4-5. "The right to exercise peremptory challenges in state court is determined by state law." *Rivera v. Illinois*, 556 U.S. 148, 152 (2009). "[P]eremptory challenges are not of federal constitutional dimension." *United States v. Martinez-Salazar*, 528 U.S. 304, 311 (2000). The only instance where peremptory challenges are a federal issue is when they are used to strike jurors for their gender, ethnic origin, or race. *Id.* at 315.

Miller argues that the trial court violated Federal Rule of Criminal Procedure 24(b) in allowing each side twenty-two peremptory challenges and

that this violation falls under the "contrary to" clause of § 2254(d)(1). Docket 1 at 4-5. But this rule applies to federal court and is not applicable here because this matter was tried in state court. Under *Rivera*, this claim must be evaluated under state law. *Rivera*, 556 U.S. at 152. Miller also argues that the trial court broke South Dakota state law in using a hybrid jury selection process. Docket 1 at 5. The South Dakota Supreme Court acknowledged that the jury selection process violated SDCL §§ 23A-20-20 and 23A-20-25 by using a hybrid jury selection process, adding two peremptory challenges to each side, and effectively allowing the government to have an extra peremptory challenge. *Miller v. Young*, 911 N.W.2d at 647. But the court found those violations were harmless error rather than structural error. *Id.* at 651. Thus, Miller has no federal claim on this error.

Miller raises one objection to Magistrate Judge Duffy's recommendation on his claim that the trial court erred in its jury selection process. Docket 15 at 4-5. He argues that the jury selection errors showed judicial bias, a recognized type of structural error. *Id.* at 4; *see also Guthmiller v. Weber*, 804 N.W.2d 400, 406 (S.D. 2011) (applying the six categories of structural error stated by the United States Supreme Court in *Neder v. United States*, 527 U.S. 1, 8 (1999)). Miller cites the trial court judge's comments during jury selection in which the judge acknowledged that the error could be appealed. Docket 15 at 4. Miller also argues that other comments made by the trial court judge, including his instruction to the jury that they could not listen to the 911 call in deliberations, support this claim of judicial bias. *Id.* at 5. Miller makes no

showing that these comments revealed bias on the part of the trial court judge. Instead, he merely asserts that decisions by the judge throughout the trial must have been judicial bias. *See id.* at 4-5. Miller's claim of judicial bias is conclusory. Also, this objection merely repeats part of claim 6, which is procedurally defaulted. Thus, this objection is overruled.

### C. Ineffective Assistance of Counsel on Jury Selection Error Claim

Miller claims that his appellate counsel was ineffective in failing to raise the jury selection claim on direct appeal. Docket 1 at 6. "The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (internal quotations omitted). The court must determine "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

Miller cannot meet the *Strickland* standard here because he cannot show deficient performance or prejudice. Under *Rivera,* the jury selection error claim is a question of state law. 556 U.S. at 152. The South Dakota Supreme Court found this claim to be without merit. *Miller v. Young*, 911 N.W.2d at 649. Had Miller's trial counsel or appellate counsel raised this claim, it would not have been found to be a violation of state law. Failure to bring a claim unlikely to succeed is not deficient performance. *See New v. United States*, 652 F.3d 949, 954 (8th Cir. 2011) (finding that counsel did not act deficiently by "failing to include a weak challenge"). Because the claim would not have succeeded,

failure to raise it cannot cause prejudice. Thus, Miller cannot show deficient performance or prejudice.

Miller raises one objection to Magistrate Judge Duffy's recommendation on this claim. Miller argues that his state habeas hearing could not properly evaluate his claims of ineffective assistance of counsel because he had the same counsel at trial and on direct appeal. Docket 15 at 6. Miller believes that when counsel testified at an evidentiary hearing, he was biased and misled the court when he "failed to find [himself] ineffective." *Id.* This is a claim he could have raised on habeas appeal to the South Dakota Supreme Court. Because Miller failed to do so, this claim is not exhausted and is procedurally defaulted. Miller makes no showing of cause for the default. Instead, he only insists on the merits of the claim. Also, ineffective assistance of counsel claims are not raised on direct appeal, so there is no conflict of interest between trial counsel and appellate counsel. This objection is overruled.

## IV.    Additional Objections

Miller raises two additional objections not directly connected to any claims from his § 2254 petition. *Id.* at 7, 11. Generally, claims not raised before a magistrate judge cannot be later raised in objections to that magistrate judge's report and recommendation. *Vice v. Dooley*, No. 5:14-CV-05076-JLV, 2015 WL 5773403, at *4 (D.S.D. Sept 29, 2015). But because these objections can quickly be determined on the merits, the court will consider them.

Miller argues that he did not have access to his case files and that Magistrate Judge Duffy's report and recommendation "faulted" him for his lack

of information. Docket 15 at 7. He argues that Magistrate Judge Duffy was incorrect in finding that he failed to cite trial and habeas transcripts with sufficient specificity. *Id.* at 8. But Miller's inability to access his files was raised in his ineffective assistance of habeas counsel claim. Thus, this objection is overruled.

Next, Miller argues that dismissing his petition would be a "manifest injustice" because of his innocence. Docket 15 at 11. The United States Supreme Court has not acknowledged a freestanding claim of actual innocence as a means of habeas relief. *See Herrera v. Collins*, 506 U.S. 390, 427 (1993) (O'Connor, J., concurring) ("[T]he Court . . . appropriately reserves . . . the question whether federal courts may entertain convincing claims of actual innocence."). Instead, actual innocence has only been recognized as a gateway to overcome procedural default. *Id.* at 404. The Court has noted in a capital case that the burden for such a freestanding claim would be "extraordinarily high." *Id.* at 417; *see also United States v. Sanchez-Maldonado*, 2008 WL 4911853, at *4 (N.D. Iowa Nov. 14, 2008) (acknowledging that an actual innocence claim in a § 2255 petition would have to meet a very high burden). Miller introduces no new evidence for his actual innocence claim and has not meet this burden.

## V.     Evidentiary Hearing

"If an applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that . . . the facts underlying the claim would be

sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2). A petitioner is entitled to an evidentiary hearing in federal court only if he shows "both cause for failure to adequately develop the facts in the postconviction state court hearing and actual prejudice resulting therefrom." *Smith v. Groose*, 998 F.2d 1439, 1442 (8th Cir. 1993). "An evidentiary hearing is not necessary when 'the issues involved can be properly resolved on the basis of the state court record.' " *Wilson v. Dooley*, No. 4:17-CV-04057-KES, 2017 U.S. Dist. LEXIS 85431, at *1 n.1 (D.S.D. June 5, 2017) (quoting *Smith*, 998 F.2d at 1442). Claims that are procedurally barred are not entitled to evidentiary hearings. *Smith*, 998 F.2d at 1442; *see also Wilson*, 2017 U.S. Dist. LEXIS 85431, at *1 n.1 (applying the evidentiary hearing standard of *Smith* in a case decided after § 2254 was updated to reflect the Antiterrorism and Effective Death Penalty Act of 1996).

Miller's claims that are procedurally barred are not entitled to an evidentiary hearing. As to his fully exhausted claims, Miller does not allege that the facts were not adequately developed in state court. Instead, he argues that the state courts incorrectly applied the law. Because he does not argue that the state courts reached incorrect factual conclusions and he does not establish that no reasonable factfinder would have found him guilty of the underlying offense, Miller is not entitled to an evidentiary hearing on these claims.

## VI.    Miller's Motion to Appoint Counsel

Miller filed a motion to appoint counsel. Docket 8. "[T]he court may appoint counsel for an applicant who is or becomes financially unable to afford counsel[.]" 28 U.S.C. § 2254(h). "If the petitioner has presented only claims that are frivolous or clearly without merit, the district court should dismiss the case on the merits without appointing counsel." *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994). "If a district court conducts an evidentiary hearing on the petition, the interests of justice require that the court appoint counsel for the petitioner. If no evidentiary hearing is necessary, the appointment of counsel is discretionary." *Id.* (citation omitted). "To determine whether appointment of counsel is required for habeas petitioners with nonfrivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors." *Id.* "A district court does not abuse its discretion in denying petitioner's request for appointment of counsel where the issues can be properly resolved on the basis of the state court record." *Smith*, 998 F.2d at 1442.

Here, counsel is not necessary for Miller's claims to be heard. First, there is no evidentiary hearing, so counsel is not required. Second, Miller alleges no issues of fact, only issues of law. His legal arguments are sufficiently clear as to be understood by the court. Because Miller's claims can be resolved on the basis of the state court record, his request for appointment of counsel is denied.

## VII.  Miller's Motion to Proceed In Forma Pauperis

Miller filed a motion to proceed in forma pauperis. Docket 5. The filing fee for this action is $5. 28 U.S.C. § 1914(a). On November 30, 2018, Miller paid the $5 filing fee in full. Docket 10. Thus, the motion to proceed in forma pauperis is denied as moot.

## CERTIFICATE OF APPEALABILITY

When a district court denies a petitioner's § 2254 motion, the petitioner must first obtain a certificate of appealability before an appeal of that denial may be entertained. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). This certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is one that proves "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Stated differently, "[a] substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Miller has not made a substantial showing that his claims are debatable among reasonable jurists, that another court could resolve the issues raised in his claims differently, or that a question raised by his claims deserves additional proceedings. Thus, a certificate of appealability is not issued.

## CONCLUSION

Thus, it is ORDERED

1. Petitioner, Chris Allen Miller's objections to the report and recommendation (Docket 15) are overruled. Magistrate Judge Veronica Duffy's report and recommendation (Docket 14) is adopted and respondents' motion to dismiss (Docket 11) is granted.

2. Miller's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2254 (Docket 1) is dismissed without an evidentiary hearing.

3. Miller's motion for leave to proceed *in forma pauperis* (Docket 5) is denied as moot because the petitioner paid the $5 filing fee in full.

4. Miller's motion to appoint counsel (Docket 8) is denied.

5. Miller's motion to quash respondent's motion to dismiss (Docket 12) is denied.

6. A certificate of appealability is denied.

Dated August 21, 2019.

BY THE COURT:

/s/ *Karen E. Schreier*

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE